IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO LOPEZ-MORALES,<br><br>Defendant. | CRIMINAL Nos. 99-161 (DRD)<br>99-308 (DRD) |

### MOTION REQUESTING LEAVE TO REPLY AND TENDERED REPLY

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, defendant, Roberto Lopez-Morales, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges, and prays as follows:

1. On December 20, 2001, Mr. Lopez-Morales was sentenced by this Honorable Court (Docket Nos. 315, 319 respectively), to concurrent terms of 87-months imprisonment as to each case and 5 years of supervised release as to each case, also concurrent. (Judgments, Docket Nos. 362 and 266 respectively.)

2. On March 18, 2005, Mr. Lopez-Morales was released from custody and commenced to serve his supervised release term. Mr. Lopez-Morales began reporting to the United States Probation Office for the District of Puerto Rico. He specifically reports to United States' Probation Officer Benjamin Bonilla.

3. On August 14, 2008, Mr. Lopez-Morales filed concomitant motions for early termination of supervised release. (Docket Nos. 372, 471.)

4. On that same date, the Court ordered the government and the probation officer to express their positions. (Docket No. 373 of Criminal No. 99-308 (DRD)).

5. The United States has not filed a timely response. The probation officer, however, filed a response in opposition to the defendant's request.

6. Because the probation officer has advanced several grounds in opposition that the defendant understands are incorrect, leave to reply is hereby requested from this Honorable Court in compliance with the local rules.

7. In opposition, Officer Bonilla first begins by stating, as he does in every case, that the defendant should not receive the benefit of early termination because he already benefitted from a lower-end-of-the-guidelines sentence. Such logic finds no support in the statute and Mr. Bonilla does not cite any authority in support of the argument that a defendant is precluded from receiving early termination if he or she was sentenced at the lower end.

8. In addition, while officer Bonilla admits that the defendant has never yielded positive to drugs while on supervision and that he has complied with his special monetary obligations, he fails to disclose that Mr. Lopez-Morales has always reported to his probation officer as requested. He has even reported during times that he has been in the metro area, and has dropped by the Office of Probation even without being ordered to do so. Mr. Bonilla also fails to inform the Court that some times he lets several months to go by before contacting Mr. Lopez-Morales. Yet, he claims that in visits to Aguadilla, he has not seen him working in his own business ventures.

9. In opposition to early termination, Mr. Bonilla also claims that the defendant did not report in a timely fashion a transaction in which he sold a piece of property.  The property was purchased on November 7, 2007 and it was reported in the January 2008 monthly report which must be filed within the first five days of the month.  Mr. Bonilla also claims that the funds used to purchase the land or the fact of the purchased were not reported during an interview in December.

10. Granted, the defendant did not report the purchased the very next month.  Mr. Lopez-Morales however, was waiting to obtain all the necessary documentation to forward it to his officer.  As soon as he had the documents, he reported the transaction in the next report.  Not even two months passed since the transaction.  In addition, to answer any questions that Mr. Bonilla is trying to raise regarding the provenance of the funds, he only needs to search his records.  If he does so, he will realize that within all the financial information that Mr. Lopez-Morales has disclosed, he reported the information about the funds that were not forfeited and returned to Mr. Lopez-Morales as part of (Civil Case 99-2403 (DRD), Docket No. 29): almost $50,000.  He had those funds available when he was released from jail and has been able to use them as overhead and capital for his legal ventures.

11. More surprisingly is the claim of Mr. Bonilla that when Mr. Lopez-Morales resold the parcel of land in April 17, 2008, that he did not report the transaction until his May monthly report. This argument borders in bad faith.  If Mr. Lopez-Morales sold the land in April of 2008, the next available report to include the transaction in is the May monthly report.  We fail to follow how is faithful compliance with the reporting requirement in a timely manner a reason to suspect of Mr. Lopez-Morales or to deny him the privilege of early termination when he is otherwise deserving of the same.

12. Mr. Bonilla also claims that Mr. Lopez-Morales has not sent him a bank statement that he solicited. The bank statement that was forwarded to him is included herein as Exhibit 1. We sure hope that Mr. Bonilla either misspoke when he said that or that he has misplaced the bank statement. But the accusation that Mr. Lopez-Morales failed to comply when he has clearly done so is troublesome to say the least.

13. Finally, Mr. Bonilla indicates that the employment of Mr. Lopez-Morales is not stable or verifiable and that in the several visits he has conducted to Aguadilla, he has not found Mr. Lopez-Morales working in the ventures he claims to be engage in. Of course, it is very difficult to so find Mr. Lopez-Morales working if the visit is conducted on a weekend at 6:00a.m., like the most recent visit after the motion for early termination was filed. Moreover, as explained in the motion for early termination, the defendant is mostly self employed. He buys cars at auctions and then re-sells them for a profit. That by definition may be interpreted as unstable employment if one defines employment as a job from 8:00 a.m. to 5:00p.m. But Mr. Bonilla has all the information in the file of Mr. Lopez-Morales about his legal enterprises and transactions. Whenever Mr. Lopez-Morales is not working with his brother in electricity, he is working on his own at home wither washing and fixing the cars that he will re-sell, or in the metro area going to auctions, or looking for buyers.

14. We submit to the Court that to deny the benefit of early termination will have the effect of discouraging exemplary compliance. If there is no incentive or reward to good compliance, then the defendants are not encourage to go the extra mile like Mr. Lopez-Morales has done. Mr. Lopez-Morales has only 18 more months to go in his supervision.

15. In view of all of the above, and in view of the fact that the United States has not expressed an opposition to defendant's motion, it is respectfully requested that the present reply be considered and that the defendant be granted early termination.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present reply and that Mr. Lopez-Morales' supervised release term be terminated.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 5th day of September, 2008.

**JOSEPH C. LAWS, JR.**
**Federal Public Defender**
**District of Puerto Rico**

*S/Hector L. Ramos-Vega*
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org